Filed 4/16/13  P. v. Rivas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>EDWARD RIVAS, JR.,<br><br>        Defendant and Appellant. | F065072<br><br>(Super. Ct. Nos. BF137285A,<br>BF124491A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Detjen, Acting P.J., Franson, J. and Peña, J.

Pursuant to a plea agreement, appellant, Edward Rivas, Jr., pled no contest to two counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c);[1] counts 1, 4) and a single count of assault with a deadly weapon (§ 245, subd. (a)(1); count 3), and admitted an enhancement allegation that in committing the count 4 robbery, he personally used a firearm (§§ 12022.53, subd. (b)). Consistent with the plea agreement, the court imposed a prison term of 17 years, consisting of the following: five years on the count 4 robbery; 10 years on the accompanying enhancement; one year on the count 1 robbery; and one year on the count 3 aggravated assault.

Prior to entering his pleas and admission, appellant made, and the court denied, a motion for the appointment of substitute counsel. (See *People v. Marsden* (1970) 2 Cal.3d 118.)

Appellant filed a timely notice of appeal. Insofar as the record reveals, appellant did not request, and the court did not issue, a certificate of probable cause (§ 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

**FACTS**[2]

*Count 3 – Assault with a Deadly Weapon*

On June 15, 2011, officers investigating a report of a stabbing went to a park where they made contact with Andrew Chavera, who told the officers the following: As Chavera was coming out of the restroom, appellant approached him and asked him his name. Chavera responded "'Why, what's up,'" at which point appellant yelled an

---

[1]     All statutory references are to the Penal Code.

[2]     Our factual summary is taken from the report of the probation officer.

apparent gang epithet and charged at Chavera. Chavera "defended himself and knocked [appellant] to the ground at which time [appellant] grabbed a hold of [Chavera's] clothing and hit him quickly three or four times in his side and stomach." Appellant "then casually got up on his bike and rode away," at which point Chavera noticed that his shirt was soaked with blood and realized he had been stabbed.

Chavera was transported to Kern Medical Center, where it was determined he had suffered a collapsed lung and three stab wounds.

### Count 4 – Second Degree Robbery

At approximately 8:20 p.m., on June 19, 2011, David Russell and his brother were in a parked car in an alley behind their residence when appellant and another person approached. Shortly thereafter, after appellant and his accomplice "asked [Russell] to empty his pockets," Russell was getting out of the vehicle when appellant and his accomplice "assaulted [Russell] with closed fists." Russell's brother "attempted to come to [Russell's] assistance," but appellant "lifted his shirt exposing what [Russell] believed to be a black firearm" and said, "'Do you want to get shot with a 9mm[?]'" At that point Russell "handed over his cellular phone for fear of his life."

### Count 1 – Second Degree Robbery

On June 19, 2011, officers investigating a reported robbery made contact with a minor, Evan M. (Evan), who told the officers the following: He was riding a friend's bicycle when two persons, one of whom was later identified as appellant, approached. Shortly thereafter, appellant's accomplice punched Evan in the head and neck, knocking him to the ground, and appellant "forcibly removed the bicycle from [Evan's] grasp and fled through the alley." Evan and some other minors followed the two robbers to a nearby intersection, where appellant's accomplice removed a black handgun from a pants pocket and pointed it toward Evan and his companions, who at that point "discontinued their pursuit and made telephone contact with the police."

3

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.